**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SCOTT SMITH, *et al.*, )<br>)<br>　　　　　Plaintiffs, )<br>)<br>v.　　　　　　　　　　　　　　　　　)<br>)<br>CHELMSFORD GROUP, LLC, *et al.*, )<br>)<br>　　　　　Defendants. )<br>) | Case No. 1:21-cv-10654 |

**PLAINTIFF'S ASSENTED-TO MOTION FOR**
**PRELIMINARY APPROVAL OF**
**<u>CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</u>**

Pursuant to Fed. R. Civ. P. 23(b)(2), 23(b)(3) and 23(e), Plaintiff Scott Smith requests that the Court conditionally certify the proposed Rule 23(b)(2) and Rule 23(b)(3) classes for settlement purposes only, preliminarily approve the proffered Class Action Settlement Agreement and Release ("Settlement") and corresponding class notices ("Notices"), submitted herewith respectively as **Exhibits 2-4**, and issue the additional directives contained in the Preliminary Approval Order submitted herewith as **Exhibit 1**.

Defendant Newbury Management Company ("Newbury") is a national property management company engaged to manage manufactured housing communities, that is, communities where the tenants or residents typically own their manufactured homes but rent from the landowner the land on which their homes sit, land that is often called a home site. Newbury acts as the property manager for one such community located in Chelmsford, Massachusetts – called Chelmsford Commons – where Mr. Smith resides and which is owned by Defendant Chelmsford Group, LLC. Through the instant action, Mr. Smith has asserted that since January of 2021 Defendants have violated Section 32L(2) of the Massachusetts Manufactured Housing Act,

1

Mass. Gen. Laws ch. 140, § 32L(2), in their operation of Chelmsford Commons by implementing a rent structure which he believes is unlawful[1] because it imposes higher rents on more recent entrants such that tenants or residents who lease similar home sites and receive similar services from Defendants pay disparate rents.

By this action, Mr. Smith has sought equitable relief, pursuant to the Massachusetts Consumer Protection Act, requiring Defendants to impose equal rents upon tenants or residents who lease similar home sites and receive similar services from Defendants ("Community Rent") as well as to honor home-site rents already established by operative lease agreements.  By this action, Mr. Smith has further sought monetary relief in the form of damages, also pursuant to the Consumer Protection Act, corresponding to the amount of home-site rent paid by each tenant or resident since January of 2021 in excess of the Community Rent.  By the instant Motion, Mr. Smith seeks to begin the process of settling his claims on behalf of two overlapping classes of tenants or residents who have been obligated to pay rent to Chelmsford Commons since September 13, 2022 ("Settlement Classes"), so that all current or future tenants or residents receive the benefit of the rent structure which Smith has negotiated and so that all current tenants or residents receive compensation for the overpayments alleged.

With respect to his certification request, the Consumer Protection Act claims Mr. Smith asserts on behalf of the proposed Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23(b)(2), Fed. R. Civ. P. 23(b)(3) and Fed. R. Civ. P. 23(e)(1)(B) and thus conditional certification of the proposed Classes for settlement purposes is warranted.  The proposed Settlement Classes both satisfy the Rule 23(a)(1) numerosity requirement, insofar as the Classes will each have more than 200 members – *i.e.*, the number of home sites at Chelmsford

---

[1] Defendants dispute that their rent structure violates Massachusetts law.

Commons. The proposed Settlement Classes also both satisfy the Rule 23(a)(2) commonality requirement, given that resolution of each Class member's claim would require the same core factual determination concerning the contours of the Chelmsford Commons rent structure as well as the same core legal determination concerning the legality of that rent structure. The proposed Classes further both satisfy the Rule 23(a)(3) typicality requirement since Defendants have imposed the same challenged rent structure on all members of the proposed Settlement Classes and thus the same remedial legal theory rooted in the Consumer Protection as well as Manufactured Housing Acts applies to the claims of all Class members. Both proposed Settlement Classes additionally satisfy the Rule 23(a)(4) adequacy requirements, given that Mr. Smith's lawyers are public interest attorneys with substantial experience handling manufactured housing class actions and who – along with Mr. Smith – have vigorously litigated this action on behalf of the proposed Classes. Moreover, none of Mr. Smith's circumstances manifest any conflict with the Settlement Classes he wishes to represent or other indication of unfitness for the role he wishes to serve.[2]

As for Rule 23(b), the proposed Rule 23(b)(2) Class's claim for equitable relief on behalf of current or future tenants or residents of Chelmsford Commons seeks an order which, if obtained, will reconfigure the rent structure generally applicable at Chelmsford Commons for the benefit of all Class members, as required by Rule 23(b)(2). Moreover, the proposed Rule 23(b)(3) Class's claim for money damages on behalf of current Chelmsford Commons tenants or residents satisfies Rule 23(b)(3)'s predominance and superiority requirements. Specifically, common questions of law and fact predominate insofar as all of the elements of the Rule 23(b)(3) Settlement Class's Consumer Protection Act claim rely on the same constellation of factual and legal issues relating

---

[2] Although Defendants assent to the motion for conditional class certification for settlement purposes only, they disagree that the classes would be amenable to class certification for trial purposes and have reserved all rights to dispute class certification.

to the challenged Chelmsford Commons rent structure. And pursuing this litigation as a class action is the most fair and efficient method of adjudicating Rule 23(b)(3) Settlement Class members' rights, since class-wide resolution will promote a uniform result for Class members and will not present any overly burdensome administrative hurdles requiring the participation of individual members by avoiding any possible trial. Without more, the proposed Settlement Classes merit conditional certification for the purpose of advancing the proffered Settlement.

With respect to Mr. Smith's request for a preliminary approval order, the proffered Settlement is fair, reasonable and adequate on its face and thus preliminary approval is warranted. The cornerstone of the Settlement is a negotiated rent structure which will ensure that current or future tenants or residents of Chelmsford Commons experience predictable rent increases and that rents in the community will equalize during the term of Settlement, the latter of which is guaranteed by **Defendants' commitment to cap home-site base rent in the community at the current market rent of $964.37 per month during the term of the Settlement.** Specifically, during the term of the Settlement:

- For Chelmsford Commons tenants or residents who have operative home-site lease agreements (also called occupancy agreements), Defendants will honor all such agreements, which limit base-rent adjustments to one annual increase of either 4.5% or a percentage tied to the U.S. Bureau of Labor Statistics Consumer Price Index for All Urban Consumers (CPI-U) Boston, Massachusetts – ALL items (1967=100) ("CPI Percentage"), whichever is greater;

- For all other Chelmsford Commons tenants or residents, that is, those without the protection of an operative occupancy agreement, Defendants will similarly limit base-

>
> rent adjustments to one annual increase of either 4.5% or the CPI Percentage, whichever is greater;
>
> ■ Once any tenant or resident's base rent reaches $964.37, it will not increase for the duration of the Settlement term; and
>
> ■ New tenants or residents who enter Chelmsford Commons will pay no more than $964.37 in base rent for the duration of the Settlement.

This negotiated rent structure will remain in effect until every tenant or resident at Chelmsford Commons is assessed a home-site base rent of $964.37 and thus all base rents are equal, as Mr. Smith contends is required by Section 32L(2) of the Manufactured Housing Act.  Although the exact duration of the Settlement will depend on factors such as tenant or resident attrition or whether periods of high inflation cause rents to equalize more quickly, the undersigned estimate that the Settlement's negotiated rent structure will remain in effect for about 10 years.  In addition to preserving the long-term affordability of Chelmsford Commons for current or future tenants or residents, the Settlement also provides current tenants or residents with a payment of $50 per home site in lieu of rent overpayment damages incurred since January of 2021.

To ensure that that as many Settlement Class members as possible are notified of the Settlement, the Settlement requires the retention of a professional settlement administrator which will be charged with identifying current contact information for all members of the Settlement Classes and which will effect notice on all such Class members by first-class mail, by electronic mail (where electronic mail addresses are available) and by publication in the regional newspaper – the *Lowell Sun*.  The settlement administrator will also maintain a dedicated telephone number and website to provide information to Class members.  Moreover, all expenses related to the administration of the Settlement will be paid by Defendants.

Lastly, the Settlement will compensate the undersigned, as class counsel, in an amount up to $200,000 for reasonable litigation costs as well as attorney's fees associated with prosecuting this litigation, and will compensate Mr. Smith, in an amount up to $2,000, for his service to the class – amounts which, as described in more detail by the attached Memorandum of Law, are reasonable given the history and results of this litigation. The proffered Settlement on its face is fair, reasonable and adequate and should be preliminarily approved.

Based on the foregoing as well as the Memorandum of Law and **Exhibits 1 through 7** submitted herewith, Mr. Smith respectfully requests that the Court, pursuant to Fed. R, Civ. P. 23:

    (1)    preliminarily determine that the proffered Settlement, submitted herewith as **Exhibit 2**, is fair, reasonable and adequate on its face;

    (2)    conditionally certify – for settlement purposes only – the proposed Rule 23(b)(3) Settlement Class: all persons who resided at Chelmsford Commons or were obligated to pay rent to the operator of Chelmsford Commons as of September 13, 2022, except those who properly exclude themselves from the Settlement;

    (3)    conditionally certify – for settlement purposes only – the proposed Rule 23(b)(2) Settlement Class: all persons who resided at Chelmsford Commons or were obligated to pay rent to the operator of Chelmsford Commons as of September 13, 2022 <u>and</u> all persons who will reside at Chelmsford Commons or will be obligated to pay rent to the operator of Chelmsford Commons after September 13, 2022 and during the "Settlement Period," as defined by the Settlement;

   (4) conditionally appoint Plaintiff Scott Smith as the representative of the Settlement Classes so that he may prosecute this action for damages and equitable relief, respectively, on behalf of the Classes, for settlement purposes only;

   (5) conditionally appoint Ethan R. Horowitz, Esq. and Brian J. O'Donnell, Esq. of the Northeast Justice Center as Class Counsel for the Settlement Classes, for settlement purposes only;

   (6) designate Atticus Administration LLC as the Settlement Administrator with the authority to accept and disburse funds as directed by the Court or the Settlement as well as order Atticus Administration LLC to provide notice to the Class members, substantially in the form of the Notices submitted herewith as **Exhibits 3-4** and in conformance with the requirements of the Settlement;

   (7) set a final approval hearing approximately 120 days from the date of the Court's Order on this Motion; and

   (8) issue the remaining directives contained in the proposed Preliminary Approval Order, which is submitted herewith as **Exhibit 1** and which are necessary for this proposed Settlement to proceed.

Respectfully submitted,               This 19th day of September 2022
SCOTT SMITH,
By his attorneys,

/s/ Ethan R. Horowitz       /s/ Brian J. O'Donnell
_____  _____
Ethan R. Horowitz         Brian J. O'Donnell
BBO # 674669          BBO # 703773
Northeast Justice Center       Northeast Justice Center
50 Island Street, Suite 203B     50 Island Street, Suite 203B
Lawrence, MA 01840       Lawrence, MA 01840
(978) 888-0624          (978) 888-0624
ehorowitz@njc-ma.org       bodonnell@njc-ma.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2021, the foregoing Motion and the exhibits referenced therein were electronically filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to registered participants, including counsel for the Defendants.

/s/ Ethan R. Horowitz

Dated: September 19, 2022

Ethan R. Horowitz
BBO # 674669

## CERTIFICATE OF RULE 7.1(A) COMPLIANCE

I hereby certify that the parties to the above-captioned litigation, through counsel, conferred in good faith concerning the relief sought in the instant Motion and counsel for Defendants assented to such relief.

/s/ Ethan R. Horowitz

Dated: September 19, 2022

Ethan R. Horowitz
BBO # 674669