**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SCOTT SMITH, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>CHELMSFORD GROUP, LLC, *et al.*,<br><br>Defendants. | ) | Case No. 1:21-cv-10654 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES**
**AND CLASS REPRESENTATIVE AWARD**

*INTRODUCTION*

Plaintiff Scott Smith is a resident and tenant of the Chelmsford Commons manufactured housing community located in Chelmsford, Massachusetts. Defendants Newbury Management Company and Chelmsford Group, LLC have owned or operated Chelmsford Commons during all times relevant to the instant action. By this action, Mr. Smith has challenged the lawfulness of the rent structure at Chelmsford Commons, one which Smith asserts has violated Section 32L(2) of the Massachusetts Manufactured Housing Act and thus the implementation of which has been a business practice prohibited by Section 9 of the Massachusetts Consumer Protection Act. Mr. Smith has specifically asserted that the Chelmsford Commons rent structure has violated the Manufactured Housing Act since January of 2021 because it has assessed disparate rents to community tenants or residents who lease similar home sites and receive similar services in exchange for their rent – a practice which, according to Smith, is proscribed by Section 32L(2) of the Act and which has resulted in substantial rent overcharges. Through this action, Mr. Smith has sought equitable relief obligating the Defendants to conform the rent structure at Chelmsford

Commons to the requirements of Section 32L(2), such that tenants or residents who lease similar home sites and receive similar services pay the same rent. Through this action, Mr. Smith has also sought monetary relief so that he and his neighbors are reimbursed for the excess rent that Defendants collected from them in violation of Section 32L(2) since January of 2021, plus interest. Moreover, Mr. Smith has pursued this action on behalf of himself as well as overlapping classes of current or future tenants or residents of Chelmsford Commons, that is, a Rule 23(b)(2) Class seeking equitable relief and a Rule 23(b)(3) Class seeking damages, both of which the Court conditionally certified for settlement purposes in its September 23, 2022 Preliminary Approval Order ("Settlement Classes").

After approximately 18 months of litigation, the Court preliminarily approved a Class Action Settlement Agreement and Release ("Settlement"). which provides substantial relief to the members of the Settlement Classes on whose behalf Ms. Smith has been prosecuting this action. With respect to equitable relief, the Settlement obligates the Defendants for a period of approximately 10 years to implement a new rent structure at Chelmsford Commons in which base rents in the community will be capped at $964.37, that is, the current highest base rent being assessed by Defendants in the community. For current or future Chelmsford Commons tenants or residents who pay base-rent at or near $964.37, this new structure and its corresponding cap will likely result in thousands of dollars in rent savings for each household during the pendency of the Settlement. For current Chelmsford Commons tenants or residents who pay less than $964.37 in base rent each month, the new structure limits rent increases to one annual increase of either 4.5% or a percentage tied to the U.S. Bureau of Labor Statistics Consumer Price Index for All Urban Consumers (CPI-U) Boston, Massachusetts – ALL items (1967=100), whichever is greater, so that such households will reach the cap in a predictable and reasonable manner. At bottom, the new

structure provides a fair and equitable method for ensuring both the ongoing affordability of Chelmsford Commons as well as for placing the community on a path that will result in rent equity between neighbors who are all leasing similar home sites and receiving similar services from the Defendants.

In addition to preserving affordability and attaining rent equity for current or future Chelmsford Commons tenants or residents, the Settlement also provides for a payment of $50 per home site to settle claims for rent overpayment damages incurred since January of 2021 and for Defendants to pay all costs related to administration of the Settlement. The Settlement further commits the Defendants to pay the attorney's fees of Mr. Smith's undersigned counsel – as Class Counsel – in the amount of $200,000, as well as a class representative incentive award to Smith in the amount of $2,000.

As outlined in greater detail below, the $200,000 award of attorney's fees is reasonable in light of the number of hours spent by Class Counsel pursuing the claims of the Settlement Classes, the skill with which Class Counsel handled this litigation and the substantial benefits obtained by the Settlement for the current or future tenants or residents of Chelmsford Commons. As outlined in greater detail below, the $2,000 class representative incentive award is similarly reasonable in light of the significant efforts undertaken by Mr. Smith on behalf of the Settlement Classes throughout this litigation. Accordingly, based on the foregoing as well as the arguments submitted below, Mr. Smith respectfully requests that the Court grant the Motion filed herewith, approve the proposed attorney's fees award of $200,000 as well as class representative incentive award of $2,000 and incorporate such approval into the Final Order and Judgment resolving this litigation.

*CHELMSFORD COMMONS RENT LITIGATION*

On January 8, 2021, Mr. Smith – through counsel and on behalf of himself as well as other Chelmsford Commons rent-payers – sent a statutory demand letter to each of the Defendants, a letter which challenged the rents assessed by Defendants after January 1, 2021 as violating Section 32L(2) of the Manufactured Housing Act and which sought both equitable relief as well as damages. *See* Counterclaim, Doc. No. 26, at ¶ 31 & Exhs. D-E; Counterclaim Answ., Doc. No. 38, at ¶ 31. In response to his demand letter, Defendants preemptively filed an action before this Court which sought relief against Mr. Smith under the Declaratory Judgment Act and contemporaneously refused to tender any offer of settlement. *See* Counterclaim, Doc. No. 26, at ¶ 37 & Ex. F; Counterclaim Answ., Doc. No. 38, at ¶ 37; *see also Chelmsford Group, LLC, et al. v. Smith*, 21-CV-10522-DJC (Mar. 26, 2021) ("Related Action").[1] On April 1, 2021, following Defendants' refusal to make a reasonable offer in response to his demand letters, Mr. Smith commenced the instant action in the Massachusetts Superior Court for Middlesex County. *See* Decl. of Michael R. Brown, Doc. No. 1-1, at ¶ 2 & Ex. A. On April 20, 2021, Defendants removed the instant action to this Court. Doc. No. 1.

During the subsequent 13 months, the parties vigorously litigated both the instant action as well as the Related Action. This litigation included procuring the dismissal of the Related Action, through a contested Rule 12 proceeding. *See* Related Action at Doc. Nos. 8-9, 12, 19-20.[2] This litigation included multiple, though ultimately unsuccessful, motions challenging federal court

---

[1] To the extent the Court deems it necessary, Mr. Smith requests that the Court take judicial notice of the docket in the Related Action pursuant to Fed. R. Evid. 201.

[2] Class Counsel's work on the Related Action is compensable through the Settlement insofar as procuring the dismissal of Defendants' preemptive lawsuit against Mr. Smith was both useful for and necessary to litigating the claims of the Settlement Classes. *See, e.g.*, *Gavin v. City of Boston*, 2022 WL 847409, *10 (D. Mass. Mar. 22, 2022) (Sorokin, J.) (citing *Perez-Sosa v. Garland*, 22 F.4th 312, 324 (1st Cir. 2022)).

jurisdiction over Mr. Smith's claims following Defendants' removal of the instant action. Doc. Nos. 24-25, 33-35, 39, 44-45, 50, 53. This litigation included filing a motion for class certification as well as substantial additional motion practice seeking a prompt hearing on the certification issue. Doc. Nos. 57-58, 65-71, 79-82. And this litigation included substantial briefing and oral argument as to the merits of Mr. Smith's claims, in response to a motion for judgment on the pleadings filed by Defendants, which the parties argued and which remained pending at the time the Settlement was negotiated. *See* Doc. Nos. 59-60, 73, 78, 84-95.

Shortly after oral argument on the motion for judgment on the pleadings, and at the Court's suggestion, *see* Doc. No. 84, the parties attempted to mediate a resolution of the instant action with the assistance of The Honorable Mitchel H. Kaplan (retired), a highly capable and experienced mediator. *See* Suppl. Decl. of Ethan R. Horowitz ("Suppl. Horowitz Decl.") at ¶ 6 & Ex. A. After three mediation sessions before Judge Kaplan, sessions which included the confidential disclosure of informal discovery to Mr. Smith by Defendants through counsel, the parties reached an agreement to resolve this action. *See id.* at ¶ 7. Following another month of negotiations, the parties consummated their agreement into the written terms of the Settlement and proposed the Settlement to the Court for preliminary approval, which the Court granted on September 23, 2022. Doc. No. 99.

*ARGUMENT*

I. APPLICABLE LAW

Fed. R. Civ. P. 23(h) permits a district court to award reasonable attorney's fees if such fees and costs "are authorized by law or by the parties' agreement." In reviewing the reasonableness of an attorney's fee award authorized by Fed. R. Civ. P. 23(h), a district court sitting in its diversity jurisdiction applies the substantive law of the forum state in assessing

whether the award is independently reasonable in relation to the work performed by the attorney. *See In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 15 (1st Cir. 2012) ["*Volkswagen I*"] ("We also start with the basic premise that the issue of attorney's fees has long been considered for *Erie* purposes to be substantive and not procedural, and so state-law principles normally govern the award of fees."). While Massachusetts law provides that "what constitutes a reasonable fee is a question that is committed to the sound discretion of the judge," Courts of the Commonwealth typically channel their discretion through application of the "lodestar method." *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 164 (D. Mass. 2015) (Young, J.) ["*Volkswagen II*"] (internal quotation omitted) (applying Massachusetts law).[3] Specifically, the application of the lodestar method requires that reviewing courts identify a reasonable number of hours the attorney spent litigating the matter, multiply that number by the attorney's reasonable hourly rate and then multiply that number again by a "multiplier" which enhances the "lodestar appropriately to reflect, for example, the scale of the results achieved … or the risks counsel took in pursuing contingent fees." *Id.* at 165. Courts similarly assess the reasonableness of a proposed class representative incentive award and typically measure the award against a class representative's active participation in the litigation as well as her "important function in promoting class action settlements." *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 98 (D. Mass. 2005) (Stearns, J.); *accord In re Relafen Antitrust Litig.*, 231 F.R.D. 52,

[3] Massachusetts courts have adopted the lodestar method as an effective shorthand for reviewing the various factors mandated by the Supreme Judicial Court in assessing the reasonableness of a fee award "including the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Volkswagen II*, 89 F. Supp. 3d at 164 (internal quotations omitted); *see also, e.g., In re AMICAS, Inc. Shareholder Litig.*, 27 Mass. L. Rptr. 568, *3 (Mass. Super. Ct. 2010) (Neel, J.) ["*AMICAS*"] (same factors).

82 (D. Mass. 2005) (Young, C.J.); *see also Eldridge v. Provident Cos., Inc.*, 18 Mass. L. Rptr. 678, *1 (Mass. Super. Ct. 2005) (Sanders, J.) ("… it is undisputed that a court has discretion to make [class representative incentive] awards …").

II. THE PROPOSED AMOUNT OF ATTORNEY'S FEES IS REASONABLE

Class Counsel submits that they vigorously pursued the above-captioned action – both in litigation and settlement postures – on behalf of the Settlement Classes and that the proposed $200,000 of attorney's fees is reasonable in light of these efforts as well as the results obtained for the members of those Classes. After careful review of their time records, the undersigned have identified to-date more than 450 hours spent on tasks which benefitted the proposed Settlement Classes – more than 300 hours spent by Attorney Brian J. O'Donnell and more than 150 hours by Attorney Ethan R. Horowitz. *See* Suppl. Horowitz Decl. at ¶¶ 24-26 & Exhs. B-C; Suppl. Decl. of Brian J. O'Donnell ("Suppl. O'Donnell Decl.") at ¶¶ 7-12 & Exhs. A-E. Attorney Horowitz is the managing attorney of a civil legal aid law firm who has substantial consumer class action experience, who has been practicing law for approximately 13 years and whose professional qualifications as well as work on this litigation should be valued at a rate of at least $340 per hour – a rate which was recently approved by the U.S. District Court in the context of another manufactured housing class action settlement. *See* Suppl. Horowitz Decl. at ¶¶ 1-2, 4, 19; *see also Craw, et al. v. Hometown America, LLC, et al.*, 18-CV-12149-LTS (D. Mass. Sep. 23, 2021) at Doc. Nos. 198-99, 216-17.[4] During the time he worked on this litigation, Attorney O'Donnell was a staff attorney at the same legal aid law firm who had been practicing law for approximately 4 years and whose professional experience, qualifications and work on this litigation should be

[4] Mr. Smith respectfully requests that the Court take judicial notice of the docket in the *Craw* matter pursuant to Fed. R. Evid. 201.

valued at a rate of at least $185 per hour. *See* Suppl. O'Donnell Decl. at ¶¶ 1-4; *see also, e.g.*, *Commonwealth Care All. v. AstraZeneca Pharm. L.P.*, 2013 WL 6268236, *1 (Mass. Super. Ct. Aug. 5, 2013) (Sanders, J.) (surveying reasonable fees for attorneys practicing in Boston); *Gavin v. City of Boston,* 2022 WL 847409, *9 (D. Mass. Mar. 22, 2022) (Sorokin, J.) (same).[5] Moreover, given the risk they assumed in undertaking this litigation as well as the results they achieved, the undersigned respectfully submit that their work merits the standard multiplier of two for litigation without a paying client that involves novel issues of law and that implicates substantial questions of public import. *See, e.g., Volkswagen II*, 89 F. Supp. 3d at 166-67, 171 (adopting multiplier of 2); *Commonwealth Care All.*, 2013 WL 6268236 at *2 (same); *see also, e.g.*, *Roberts v. TJX Cos., Inc.*, 2016 WL 8677312, *13 (D. Mass. Sept. 30, 2016) (Burroughs, J.) (collecting cases where "[m]ultipliers of 2 and more have been found reasonable"). Accordingly, the undersigned respectfully submit that the proposed $200,000 in attorney's fees is reasonable and Defendants do not oppose this request. *See* Settlement, Doc. No. 96-2, at § 7.

## III. THE PROPOSED CLASS REPRESENTATIVE AWARD IS REASONABLE

Ms. Smith also submits that the requested $2,000 class representative incentive award properly reflects Smith's cooperation with the undersigned and participation in the above-captioned action to ensure that the Settlement Classes have been properly represented. Such efforts included reviewing and providing feedback to Class Counsel for pleadings and other court papers, monitoring for Class Counsel events at Chelmsford Commons which could impact the direction of the litigation, preparing for and attending a full-day on-site mediation as well as participating in numerous phone calls with Class Counsel to evaluate and propose possible settlement options.

[5] In establishing appropriate hourly rates, a reviewing court looks to the rates of other attorneys in "the community where the case is litigated" – in this case Boston. *Eldridge v. Provident Cos., Inc.*, 18 Mass. L. Rptr. 91, *8 (Mass. Super. Ct. 2004) (Sanders, J.).

*See* Suppl. O'Donnell Decl. at ¶ 6. Mr. Smith also assisted Class Counsel with organizing and publicizing a public meeting for Chelmsford Commons tenants or residents, which was held at the Chelmsford Public Library on November 15, 2022, which Smith himself attended and during which Class Counsel made a presentation concerning the Settlement Agreement and answered questions from the approximately 40 attendees. *See* Suppl. Horowitz Decl. at ¶ 22. Without more, given his participation in this litigation as well as the substantial results that he achieved for his neighbors, Mr. Smith submits that the modest $2,000 incentive award is reasonable and Defendants do not oppose the request. *See, e.g., Carlson v. Target Enter., Inc.*, 447 F. Supp. 3d 1, 3 & 5 (D. Mass. 2020) (Hillman, J.) (approving incentive award of $7,500 to named plaintiff who assisted counsel with filing class action and then with mediating settlement); *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. at 98 (approving incentive award of $2,500 **in 2005** for named plaintiffs who "participated actively in the litigation" but who were not deposed),

## *CONCLUSION*

Based on the foregoing, Mr. Smith respectfully requests that the Court grant the Motion filed herewith, approve the proposed attorney's fees award of $200,000 as well as class representative incentive award of $2,000 and incorporate such approval into the Final Order and Judgment resolving this litigation.

Respectfully submitted,
SCOTT SMITH,
By his attorneys,

This 17th day of January, 2023

/s/ Ethan R. Horowitz

Ethan R. Horowitz
BBO # 674669
Northeast Justice Center
50 Island Street, Suite 203B
Lawrence, MA 01840
(978) 888-0624

/s/ Brian J. O'Donnell

Brian J. O'Donnell
BBO # 703773
Northeast Justice Center
50 Island Street, Suite 203B
Lawrence, MA 01840
(978) 888-0624

ehorowitz@njc-ma.org bodonnell@njc-ma.org

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2023, the foregoing Memorandum was electronically filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to registered participants, including counsel for the Defendants.

/s/ Ethan R. Horowitz

Dated: January 17, 2023

Ethan R. Horowitz
BBO # 674669