# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT SMITH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:21-cv-10654 |
| ) | |
| CHELMSFORD GROUP, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## FINAL ORDER AND JUDGMENT

Having considered the parties' written submissions and having conducted the Fairness Hearing as to the Class Action Settlement Agreement and Release Between Plaintiff, Scott Smith, for Himself and on Behalf of the Settlement Classes, and Defendants, Chelmsford Group, LLC, and Newbury Management Company ("Settlement Agreement"), the Court now provides its final approval of the proposed Settlement Agreement and enters the following Final Order and Judgment, on the record below, and based on the findings and subject to the terms set forth herein.

1. Plaintiff Scott Smith, on behalf of himself and the members of the Rule 23(b)(2) Class and the Rule 23(b)(3) Class conditionally certified by the Court's September 23, 2022 Preliminary Approval Order ("Settlement Classes"), Doc. No. 99, has submitted an Assented-To Motion for Final Approval of Class Action Settlement Agreement and Release ("Final Approval Motion"). Doc. Nos. 105-106.

2. Through the Final Approval Motion, Plaintiff requests that the Court finally certify for settlement purposes the Settlement Classes, which the Court conditionally certified in its September 23, 2022 Preliminary Approval Order. Doc. No. 99 at ¶ 22.

3.  Through the Final Approval Motion, Plaintiff also requests that the Court approve the Settlement Agreement, which the Court preliminarily approved in its September 23, 2022 Preliminary Approval Order. Doc. No. 99 at ¶ 24.

4.  Plaintiff has additionally submitted a Motion for Approval of Attorney's Fees and Class Representative Award, to which Defendants have not objected. Doc. Nos. 103-04.

5.  The Settlement Administrator, Atticus Administration, LLC, has advised the Court by declaration that it has effected notice to the members of Settlement Classes as set forth in the Settlement Agreement and as required by the Court's September 23, 2022 Preliminary Approval Order. Doc. No. 105-2.

6.  This Court has reviewed the papers filed in support of the Final Approval Motion, as well as the papers filed in support of Plaintiff's Assented-To Motion for Preliminary Approval of Class Action Settlement and Release, Doc. Nos. 97-98, including the Settlement Agreement, memoranda and supporting declarations.

7.  The Court also held a Fairness Hearing on February 1, 2023, at which the Court heard argument with respect to the proposed Settlement Agreement from all parties present.

8.  Based on the papers filed with the Court and the presentations made to the Court at the Fairness Hearing, the Court finds that the Rule 23(b)(2) Class and the Rule 23(b)(3) Class each satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be certified for settlement purposes.

9.  Based on the papers filed with the Court and the presentations made to the Court at the Fairness Hearing, the Court finds that the Settlement Agreement is fair, reasonable and adequate in accordance with Rule 23 of the Federal Rules of Civil Procedure and in the best interests of the members of the Settlement Classes.

10. In addition, the Court deems it appropriate to make an award of reasonable attorney's fees and a reasonable class representative incentive payment, as requested by the Plaintiff.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

11. The Court has jurisdiction over the subject matter of the above-captioned action and over all parties thereto, including but not limited to the members of the Settlement Classes.

12. The Defendants dispute the validity of Plaintiff's claims, with respect to liability and class certification, as well as the Plaintiff's requests for relief as presented in the above-captioned action. Their dispute underscores not only the uncertainty of the outcome, but also why this Court finds the Settlement Agreement to be fair, reasonable and adequate and in the best interests of the members of the Settlement Classes, insofar as members would face substantial litigation in pursuing their claims.

13. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court grants final certification of the following Rule 23(b)(2) Class for settlement purposes only: all persons who resided at Chelmsford Commons or were obligated to pay rent to the manager of Chelmsford Commons as of September 13, 2022, and all persons who will reside at Chelmsford Commons or will be obligated to pay rent to the manager of Chelmsford Commons after September 13, 2022, and during the "Settlement Period," as defined in the Settlement Agreement.

14. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court also grants final certification of the following Rule 23(b)(3) Class for settlement purposes only: all persons who resided at Chelmsford Commons or were obligated to pay rent to the manager of Chelmsford Commons as of September 13, 2022, except those who properly exclude themselves from the Settlement pursuant to the terms of the Settlement Agreement and this Order.

15.  The Court hereby approves the Opt-Out List filed with the Court by the Settlement Administrator, Doc. No. 101, and, in doing, so removes the individual listed thereon from the Rule 23(b)(3) Class.

16.  For settlement purposes only, this Court finds that the Settlement Classes satisfy the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure, and more specifically that:

(A) each of the Settlement Classes, as defined above, is so numerous that joinder of all members is impracticable;

(B) there are questions of law or fact common to the claims of the members of each of the Settlement Classes;

(C) the claims of the Plaintiff are typical of the claims of the members of each of the Settlement Classes;

(D) Plaintiff and his counsel ("Class Counsel") will fairly and adequately protect the interests of the members of each of the Settlement Classes;

(E) as to the Rule 23(b)(3) Class, the questions of law or fact common to the claims of Class members predominate over the questions affecting only individual members;

(F) as to the Rule 23(b)(3) Class, certification of the Class is superior to other available methods for the fair and efficient adjudication of the controversy; and

(G) as to the Rule 23(b)(2) Class, the Defendants have acted or not acted, in respect to those matters that are the subject of claims in the above-captioned action, on grounds that apply generally to the Class, and the corresponding relief provided by the Settlement Agreement inures to the benefit of each member of the Class and to the Class as a whole.

17. Pursuant to the Court's Preliminary Approval Order, Doc. No. 99 at ¶¶ 23, 25, the Settlement Administrator distributed notice to the Settlement Class using U.S. Mail, e-mail and publication methods. The Court has determined that the notice given to members of the Settlement Classes complied with the Preliminary Approval Order and the Settlement Agreement and more specifically:

(A) fully and accurately informed members of the Settlement Classes of all material elements of the proposed Settlement Agreement, the Fairness Hearing and all other matters explained in the Court-approved notices;

(B) constituted valid, due and sufficient notice to all members of the Settlement Classes in conformance with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, Due Process required by the United States Constitution and other applicable law; and

(C) was the best notice practicable under the circumstances.

18. The Court also concludes that the Defendants gave proper notice under the Class Action Fairness Act, 28 U.S.C. §1715.

19. The Court, having considered the relevant submissions, including the Final Approval Motion, finds that the Settlement Agreement is in all respects fair, reasonable and adequate and in the best interest of the members of the Settlement Classes, when balanced against the probable outcome of further litigation.

20. The Court further finds that the Settlement Agreement is the product of good faith, arm's-length negotiations by the parties to the above-captioned action, with the substantial involvement of an independent, well-respected mediator and that each of the settling parties was represented by experienced counsel.

21. The Court further finds that the Settlement was reached following meaningful investigation conducted by Plaintiff and Class Counsel, such that at the time the Settlement Agreement was reached, Plaintiff and Class Counsel were reasonably able to evaluate the respective positions of the Defendants and the members of the Settlement Classes.

22. The Court further finds that Class Counsel is experienced in the area of manufactured housing litigation as well as in class action litigation and that Class Counsel's judgment as to the fairness, reasonableness and adequacy of the Settlement Agreement is entitled to weight.

23. The Court further finds that the Settlement Agreement will avoid substantial additional costs to the settling parties, including members of the Settlement Classes, as well as the delay and risks that would be presented by further prosecution of the litigation.

24. The Court further finds that no members of the Settlement Classes Class have Submitted objections to the Settlement Agreement.

25. The Court therefore grants final approval of the Settlement Agreement and, in accordance with the terms of the Settlement Agreement, orders the settling parties and the Settlement Administrator to perform their obligations as set forth above and as otherwise set forth in the Settlement Agreement.

26. The Court therefore dismisses the claims of Plaintiff Scott Smith and the members of the Settlement Classes against the Defendants on the merits and with prejudice, except that the individualized monetary claims of the individual on the Opt-Out List is dismissed without prejudice, with the parties to bear their own costs except as specifically provided in the Settlement Agreement.

27. The Court further specifically approves, adopts and incorporates herein by reference the obligations imposed upon the Defendants, Plaintiff and all members of the Settlement Classes by the Settlement Agreement, including – but not limited to – the obligations imposed upon Defendants and the corresponding relief provided to members of the Rule 23(b)(2) Class as set forth in Sections 4.1 and 26 of the Settlement Agreement as well the obligations imposed by the Releases and the related terms thereof as set forth in Section 5 of the Settlement Agreement.

28. Without impacting the finality of this Final Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over the parties to this Settlement Agreement, including the Defendants, Plaintiff and all members of the Settlement Classes, for purposes of the administration, implementation, interpretation, enforcement and consummation of the Settlement Agreement, including – without limitation – any issues concerning Defendants' compliance with Sections 4.1 and 26 of the Settlement Agreement.

29. The Court further grants Plaintiff's Motion for Approval of Attorney's Fees and Class Representative Award with respect to the requested award of attorney's fees, specifically finding that the requested $200,000 to be a fair, adequate and reasonable amount in light of Class Counsel's substantial and beneficial work on behalf of the Settlement Classes, and thus orders Defendants to make payment of the same in conformance with the requirements of the Settlement Agreement.

30. The Court also grants Plaintiff's Motion for Approval of Attorney's Fees and Class Representative Award with respect to the requested incentive award, specifically finding that the requested $2,000 to be a fair, adequate and reasonable amount in light of Plaintiff's contributions

to the Settlement Classes, and thus orders Defendants to make payment of the same in conformance with the requirements of the Settlement Agreement.

31. This Final Order and Judgment neither constitutes any opinion, position or determination of this Court, any way or the other, as to the merits of the claims of Plaintiff and the members of the Settlement Classes or the defenses of any Defendant – nor contains, constitutes, reflects or implies any finding or conclusion by this Court as to any admission or concession by any of the Defendants as to any fault, omission, liability or wrongdoing.

32. If an appeal, writ proceeding or other challenge is filed as to this Final Order and Judgment, and if thereafter the Final Order and Judgment is not ultimately upheld, all orders entered, facts found or determinations made by this Court respecting the Settlement Agreement shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

**IT IS HEREBY ORDERED**

Dated: February 1, 2023

_____
THE HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT COURT JUDGE